IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEFFERY MICHAEL HAYES, | ) | |
| Petitioner, | ) ) | No. C 05-2122 CRB (PR) |
| vs. | ) ) | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
| JAMES S. YATES, Warden, | ) ) | |
| Respondent. | ) ) | (Doc # 14) |

Petitioner, a state prisoner incarcerated at Pleasant Valley State Prison in Coalinga, California, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from the Superior Court of the State of California in and for the County of Santa Clara.

Per order filed on July 28, 2005, the court found that petitioner's 15 claims appeared colorable under § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted.

After seeking and obtaining several extensions of time, respondent instead moves to dismiss the petition for failure to exhaust state judicial remedies as to all claims. Respondent also seeks to dismiss one of the claims as moot. Petitioner did not file an opposition.

Respondent argues that the petition must be dismissed because petitioner only exhausted claims 1 through 4 of the 15 claims he raised in his federal petition, i.e., (1) trial counsel was ineffective because he failed to object to the uncharged conduct evidence, (2) trial counsel was ineffective because he failed to object to the prosecutor's motion to "de-bifurcate" the trial on the prior conviction allegations, (3) trial counsel was ineffective because he failed to request an imperfect self-defense instruction tailored to the mayhem charge, and (4) the trial court erred by not giving the jury an imperfect self-defense instruction. Respondent also argues that petitioner's claim 5 – the trial court erred by imposing a three-year term for the great bodily injury enhancement – is moot because petitioner obtained relief on that claim from the California Court of Appeal. The court agrees. Petitioner's claim 5 is moot and claims 6 through 15 are unexhausted because the Supreme Court of California has not been afforded an opportunity to rule on them.

For the foregoing reasons, respondent's motion to dismiss (doc # 14) is GRANTED. See Rose v. Lundy, 455 U.S. 509, 522 (1982) (mixed petition – one containing both exhausted and unexhausted claims – must be dismissed without prejudice). However, when faced with a mixed petition, as is the case here, the district court must give the petitioner the option of either withdrawing his unexhausted claims and proceeding only on his exhausted claims, or of dismissing the entire mixed petition and returning to federal court with a new petition once all claims are exhausted. See Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005); Olvera v. Giurbino, 371 F.3d 569, 573 (9th Cir. 2004).

Within 30 days of this order, petitioner shall inform the court in writing whether he wishes to (1) withdraw his unexhausted claims and proceed only on his exhausted claims, or (2) dismiss the entire mixed petition and return to federal

court with a new petition once all claims are exhausted.[1] Failure to respond within the designated time will result in the dismissal of the entire mixed petition without prejudice to filing a new federal petition containing only exhausted claims.

SO ORDERED.

DATED: April 28, 2006

CHARLES R. BREYER
United States District Judge

---

[1] Petitioner may be able to seek a stay of these proceedings if he can show that there was good cause for his failure to exhaust his unexhausted claims in state court, and that the claims are potentially meritorious. See Rhines v. Webber, 125 S. Ct. 1528, 1534-35 (2005).